## Wolfinger v. Wolfinger

Before Groshens, Ditter and Smillie, JJ.

*Philip R. Detweiler*, for plaintiff.

*John A. Friedrich*, for defendant.

*Aaron S. Swartz, 3rd*, for garnishees.

SMILLIE, J., June 24, 1964.—This case arises on preliminary objections to a writ of execution by attachment of defendant's one forty-fifth spendthrift interest in the estate of one Clayton H. Alderfer, deceased, for alimony pendente lite, counsel fees and expenses resulting from a divorce action between defendant and his former wife. The executors of the estate have been joined as garnishee and assert the defense of immunity of defendant's interest from execution and attachment.

The question presented is whether the "spendthrift" provisions of the will prohibits attachment of defendant's interest where the claim on which judgment was entered is for alimony pendente lite, counsel fees and expenses and the claimant is the divorced wife.

In Stewart's Estate, 334 Pa. 356 (1939), the Supreme Court sustained the attachment of an interest in a spendthrift trust to satisfy a judgment entered in Pennsylvania for alimony, counsel fees and expenses awarded by a Florida Court. The only factual distinction between Stewart's Estate, supra, and the instant

situation was that in Stewart the execution was issued while the parties were still married; whereas here the parties were divorced when the execution was issued. This distinction does not vary the result reached in Stewart Estate since the court pointed out, at pages 364 through 366, that a right exists independent of the procedural remedy afforded to a "wife" by the Act of May 10, 1921, P. L. 434, sec. 1, to proceed against the husband's spendthrift interest.

Said the court:

"As to a wife, such a trust (spendthrift) is an ordinary one. This is true as to trusts inter vivos, independent of the Act of 1921. That statute, as to trusts created by deed, is but an enabling one and affords an additional remedy to that which a wife had prior to its enactment. It is permissive and cumulative only; and is not exclusive. Since the passage of that act, a wife has, under similar circumstances as here under consideration, two remedies: first, she may, as heretofore, reduce to judgment the accrued payments due her under an order, judgment or decree, execute thereon and recover such accrued payments to the extent of one hundred per cent of her husband's beneficial interest in the trust; or, second, proceed under the Act of 1921, where the order, decree or judgment allowing her support requires 'payments of stated sums at stated intervals,' and levy or attach but fifty per cent of her husband's interest and such writ 'shall remain a lien and continuing levy until the last payment due under such order, decree or judgment has been made, with costs.' "

Hence, the act need not be the basis for the substantive right to relief, and the requirement that the plaintiff be a married "wife" under the Act of 1921 would have no application. 2 Freedman, Law of Marriage and Divorce in Pennsylvania (2nd Ed.) 958, footnote 32, also construes the holding in Stewart's Estate to mean

that the right to relief exists independently of the Act of 1921.

The case of Lippincott v. Lippincott, 349 Pa. 501 (1944), is inapplicable to the present situation. The court in Lippincott was construing the word "wife" under the Act of 1921 and section 19 of the Wills Act of June 7, 1917, P. L. 403. In the case here before the court, the proceedings are not under the Act of 1921 and the limited construction of "wife" to a married woman by the court has no application. Moreover, although the higher courts have not specifically passed upon the claim of a *divorced* wife for alimony pendente lite, counsel fees and expenses, yet under the Wills Act of April 24, 1947, P. L. 89, section 12 of that act provides:

"Income of a trust subject to spendthrift or similar provisions shall nevertheless be liable for the support of *anyone* whom the income beneficiary shall be under a legal duty to support". (Italics supplied.)

Significantly the words "for the support of *anyone* . . . . . under a legal duty to support" have been substituted for the words "wife and minor children of the beneficiary" as appeared in the Act of 1917. The language of the Act of 1947 is alone broad enough to take the case out of the reasoning of the Lippincott v. Lippincott case, supra, and allow the divorced wife of defendant to proceed against the spendthrift interests of her former husband.

For these reasons the defendant's preliminary objections must be dismissed.

## Order

And now, June 24, 1964, after argument before the court en banc, consisting of David E. Groshens, J., William Ditter, Jr., J., and Frederick B. Smillie, J., defendant's preliminary objections are dismissed.